to establish that his defense was impaired by the delay in prosecution (*see id.*).

We reject the contention of defendant that he was denied effective assistance of counsel based upon counsel's failure to move to dismiss the indictment on the grounds that the statute of limitations had expired or that his right to due process, i.e., his constitutional right to a speedy trial, was violated by the delay in commencing the prosecution. "There can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]) and, as previously discussed, there was no statute of limitations or due process violation.

Contrary to defendant's further contentions, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Defendant failed to preserve for our review his remaining contention concerning the court's consideration of a pretrial delay issue in the absence of a motion to dismiss (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Smith, J.P., Peradotto, Green, Pine and Gorski, JJ.

■ GARY M. DISCHIAVI et al., Appellants, v WILLIAM S. CALLI et al., Respondents. (Appeal No. 1.) [890 NYS2d 881]—

Present—Smith, J.P., Peradotto, Green, Pine and Gorski, JJ.

■ GARY M. DISCHIAVI et. al., Appellants, v WILLIAM S. CALLI et al., Respondents. (Appeal No. 2.) [892 NYS2d 700]—